IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHEL STROUD,<br><br>    Plaintiff,<br><br>v.<br><br>SELF INVESTMENT ENRICHMENT SERVICES, INC.,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rachel Stroud, by and through undersigned counsel, and hereby files this Complaint for Damages against Defendant Self Investment Enrichment Services, Inc., as follows:

## INTRODUCTION

1.

During its employment of Plaintiff, Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"), by failing to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per week.

1

2.

As a result of Defendant's FLSA violations, Plaintiff initiates this suit to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

4.

Venue is proper in the U.S. District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391(b)(1)-(2), and Defendant is subject to this Court's personal jurisdiction, because Defendant resides in this district and the acts giving rise to Plaintiff's Complaint occurred within this District.

**PARTIES**

5.

Defendant, Self-Investment Enrichment Services, Inc., ("Defendant") is a corporation organized under the laws of Georgia, with a principal office address of 2020 Avalon Parkway, Suite 105, McDonough, GA, 30253. Defendant may be

served through its registered agent, Lori Heninburg, at 126 Hunters Chase, McDonough, GA, 30253.

6.

At all times material hereto, Defendant was an "employer" of Plaintiff for purposes of the FLSA.

7.

Plaintiff Rachel Stroud is an individual and a Georgia resident. Plaintiff worked for Defendant within the three-year period immediately preceding the filing of this Complaint and was an "employee" of Defendant for purposes of the FLSA.

## FACTUAL ALLEGATIONS

8.

Plaintiff worked for Defendant as a Personal Care Associate from in or around March 17, 2014 until she left her position in January 2021.

9.

As a Personal Care Associate, Plaintiff worked at client's homes to assist them with personal care needs such as groceries, hygiene, etc.

10.

Plaintiff's regular rate of pay was $10.00 per hour.

11.

Plaintiff used a timesheet to submit her hours. She would email the timesheet to Defendant once per week on Tuesday and pickup her paycheck on Friday.

12.

Plaintiff was a non-exempt employee for purposes of the FLSA and was thus entitled to overtime compensation for all hours worked in excess of 40 hours per week.

13.

Plaintiff routinely worked over 40 hours per week. Defendant paid some, but not all of the overtime hours at the overtime rate of $15.00 per hour, thus admitting that Plaintiff was non-exempt.

14.

Although Defendant was aware of the fact that Plaintiff regularly worked in excess of 40 hours per week, Defendant failed to pay Plaintiff overtime compensation for all overtime hours worked.

15.

Plaintiff brought the deficiency to the attention of Angela Weems, Defendant's CFO, however, Ms. Weems refused to pay the overtime wages owed to Plaintiff under the FLSA.

16.

Thus, Defendant knowingly suffered or permitted Plaintiff to work more than 40 hours per week without compensating Plaintiff at the required overtime rate.

17.

By unjustifiably failing or refusing to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek, Defendant willfully violated the FLSA and/or recklessly disregarded their obligations under the FLSA.

18.

As a result of Defendant's willful failure to pay Plaintiff overtime compensation, Plaintiff has had to retain counsel to recover the unpaid wages due to her.

**COUNT I:  FLSA VIOLATION (OVERTIME COMPENSATION)**

19.

Plaintiff realleges and incorporates Paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.

At all times relevant hereto, Plaintiff was a non-exempt employee entitled to overtime compensation for purposes of the FLSA.

21.

During its employment of Plaintiff, Defendant failed to pay Plaintiff overtime compensation for hours worked by Plaintiff in excess of 40 hours per week.

22.

By failing to pay Plaintiff overtime compensation in accordance with § 207 of the FLSA, despite knowledge of Plaintiff's status as a non-exempt employee, Defendant willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

23.

As a result of Defendant's willful violations of the FLSA's overtime provisions, Plaintiff is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

## COUNT II: BREACH OF CONTRACT

24.

Plaintiff realleges and incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.

Defendant agreed to pay Plaintiff a set hourly wage for each hour worked.

26.

By failing to pay Plaintiff for each hour worked at the agreed-upon hourly rate, Defendant breached its agreement with Plaintiff.

27.

As a result of Defendant's breach of contract, Plaintiff is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

### COUNT II: ATTORNEYS' FEES AND EXPENSES

28.

Plaintiff realleges and incorporates Paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.

As set forth above, Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

30.

As a result of Defendant's conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendant should be required to reimburse Plaintiff for the attorneys' fees and costs incurred in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rachel Stroud prays:

(a) For a trial by jury of twelve on all counts so triable;

(b) For entry of a judgment in favor of Plaintiff and against Defendant for all damages and relief allowed by law, including but not limited to actual, punitive, and liquidated damages;

(c) For an award of litigation expenses and costs, including attorneys' fees under the FLSA, O.C.G.A. § 13-6-11, and other applicable law; and

(d) That the Court grant Plaintiff such other and further relief as deemed just and proper.

Respectfully submitted this <u>15th</u> of February 2021.

**COHAN LAW GROUP, LLC**

<u>/s/ Louis R. Cohan</u>
LOUIS R. COHAN
Georgia Bar No. 173357
3340 Peachtree Rd. NE, Ste. 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
*Counsel for Plaintiff*