## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RACHEL STROUD,<br><br>     Plaintiff,<br><br>v.<br><br>SELF INVESTMENT ENRICHMENT<br>SERVICES, INC.,<br><br>     Defendant. | Case No. 1:21-cv-00659-SCJ |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

### 1. INTRODUCTION

Plaintiff Rachel Stroud ("Plaintiff") and Defendant Self Investment Enrichment Services, Inc. ("SIES" or "Defendant") (collectively, the "Parties") jointly notify the Court that they have resolved this action and all claims alleged in Plaintiff's Complaint, and hereby stipulate to the voluntary dismissal with prejudice of this case in its entirety under Fed. R. Civ. P. 41(a), subject to the conditions agreed upon by the Parties and explained in detail herein.

Given Plaintiff's Complaint alleges causes of actions arising under the Fair Labor Standards Act ("FLSA"), the Parties also jointly move the Court as follows: (1) for an Order approving the Parties' Settlement Agreement, attached hereto as

1

Exhibit A; and (2) to provide that all claims brought or that could have been brought in this case shall stand and be automatically dismissed, with prejudice after 30 days if neither Party moves to reopen the case.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on February 15, 2021, alleging 1) failure to pay overtime wages, in violation of the FLSA; and 2) breach of contract, and 3) attorney's fees. (Dkt. 1.)

Thereafter, the Parties, through counsel, engaged in an exchange of information, as well as settlement negotiations. The Parties have reached an agreement to settle this case, and now seek the Court's approval of the negotiated Settlement Agreement, as well as an Order governing the final resolution of this case.

## III. STANDARD FOR SETTLEMENT APPROVAL

An employee may settle and release FLSA claims against his former employer where the parties present the district court with a proposed settlement, and the district court enters an Order approving same. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Indeed, district courts are authorized to approve settlements of FLSA claims where the proposed settlement agreement reflects a reasonable compromise resolving the issues in dispute, including but not limited to

the applicability of FLSA coverage and/or computation of back wages owed, if any.
*Id.* at 1354.

## IV. THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT

Plaintiff contends that she is owed approximately $6,661.87[1] in unpaid wages, as well as $6,661.86 in liquidated damages. The Parties have agreed to a settlement, inclusive of attorney fees and costs, that represents a reasonable compromise of the legal and factual issues in dispute.[2]

The Parties' settlement includes allocation of the settlement proceeds into three parts: a) Wages (less costs) to Plaintiff in the amount of $6,061.87; b) Damages to Plaintiff in the amount of $6,661.86; and c) Fees ($8,882.49) and cost reimbursement ($600) in the amount of $9,482.49 to Cohan Law Group. The Parties are not requesting for the Court to award attorneys' fees or costs over and above the settlement payments, but merely to approve the voluntary settlement agreed to by the Parties.  The parties believe that the allocation reflected in their settlement agreement is both fair and reasonable. The Parties request the Court to approve the allocation of the settlement proceeds.

---

[1]     In the Settlement Agreement, $600 in costs (filing fee and service of process) have been deducted from this amount such that it totals $6,061.87.

[2]     The settlement proceeds, attorney fees, and costs are described in the settlement agreement that the Parties submit for this Court's approval.

Moreover, the Parties were represented by experienced counsel through this litigation, and pursuant to the Settlement Agreement, Plaintiff will voluntarily release all claims against SIES in exchange for sufficient consideration.

## V. THE COURT SHOULD DISMISS THE CASE AS FOLLOWS

When approving the Parties' Settlement Agreement, the Court should also allow the Parties 30 days to complete the settlement, including agreed upon payments, and during which time either Party may, if the other Party breaches, seek relief from this Court.  If neither party seeks relief from the Court within the said thirty (30) days then all claims brought or that could have been brought in the case shall be and stand automatically dismissed, with prejudice at the conclusion of the 30-day period.

## VI. CONCLUSION

Based on the foregoing, the Parties respectfully request an Order[3]: (1) approving the Parties' Settlement Agreement, attached hereto as Exhibit A; and (2) providing that all claims brought or that could have been brought in this case shall stand and be automatically dismissed, with prejudice after 30 days if neither Party moves to reopen the case.

---

[3]     A Proposed Order is attached hereto as Exhibit B.

Respectfully submitted, this the 16th day of April, 2021.

By: */S/ Louis R. Cohan*
COHAN LAW GROUP, LLC
Georgia Bar No. 173357
3340 Peachtree Rd., N.E., Suite 2570
Atlanta, GA 30326
lcohan@cohanlawgroup.com
Telephone: 404 891 1770
Facsimile: 404 891 5094
Counsel for Plaintiff, Rachel Stroud

By: */S/ Elizabeth Clack-Freeman*
ANDERSEN, TATE & CARR, PC
Elizabeth Clack-Freeman
Georgia Bar No. 126888
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
lcfreeman@atclawfirm.com
Telephone: 770-822-0900
Counsel for Defendant, Self-
Investment Enrichment Services, Inc.

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made by and between, on the one hand, **RACHEL STROUD**, on behalf of herself and her respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Stroud"), and, on the other hand, **SELF INVESTMENT ENRICHMENT SERVICES, INC.**, on behalf of itself and its respective officers, employees, agents, directors, representatives, successors, assigns, affiliates, subsidiaries, parents, owners, and shareholders ("SIES")

## RECITALS

WHEREAS, a dispute exists between Stroud and SIES (the "Parties") arising out of or generally relating to Stroud's employment with SIES;

WHEREAS, on February 15, 2021, Stroud filed a lawsuit against SIES in the U.S. District Court for the Northern District of Georgia, entitled *Rachel Stroud v. Self Investment Enrichment Services, Inc.,* Case No. 1:21-cv-00659 (the "Lawsuit"), asserting violations of the Fair Labor Standards Act and Georgia common law;

WHEREAS, the Parties mutually desire to resolve their dispute and avoid the significant time and expense associated with litigation of Stroud's Lawsuit;

WHEREAS, in order to resolve all disputes and differences between the Parties, and to avoid the time and expense of continued litigation, the Parties are entering into this Agreement;

NOW, THEREFORE, in consideration of the promises contained herein, the Parties agree as follows

## AGREEMENT

1.    **No Admission of Liability.**  The Parties are entering into this Agreement for the sole purpose of avoiding the time and expense associated with litigation. This Agreement should not and will not be construed as an admission of liability or wrongdoing by any party.

2.    **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Stroud in this Agreement, SIES agrees to pay Stroud the total amount of TWENTY TWO THOUSAND TWO HUNDRED AND SIX DOLLARS AND TWENTY TWO CENTS (22,206.22).  The settlement amounts ("Settlement Payments") shall be provided as follows:

      a.    One check for 9,482.49 made payable to Stroud's attorney, Louis Cohan, Cohan Law Group, LLC, representing amounts due in attorney's fees ($8,882.49) and cost reimbursement ($600.00) by Stroud to Cohan Law Group, LLC.  SIES will issue IRS Forms 1099 to Stroud and Cohan Law Group, LLC in connection with this payment;

1

b.      One check for $6,061.87 as payment for Stroud's alleged unpaid overtime wages, made payable to Stroud.  Applicable statutory deductions, including federal income taxes and Social Security taxes, only in the amounts required by law, shall be withheld by SIES from this sum.  SIES shall issue a Form W-2 to Stroud in connection with this payment; and

c.      One check for $6,661.86 as payment for Stroud's alleged liquidated damages and/or interest on back wages, made payable to Stroud's.  SIES shall issue a Form 1099 to Stroud in connection with this payment.

3.      **Timing of Payment.**  Time being of the essence as to delivery of the consideration referenced in Paragraph 2, SIES shall cause the consideration referenced in Paragraph 2 to be delivered to Stroud's counsel so that the consideration is actually received by Stroud's counsel within ten (10) days after completion of the following events: (i) Stroud signs this agreement; (ii) the revocation period provided in the Agreement lapses; (iii) the parties file the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court ("Joint Motion"); (iv) the Court approves this Agreement and administratively closes the Lawsuit as provided in the Joint Motion;  and (v) SIES receives completed Forms W-9 from Stroud and her counsel, and receives a completed Form W-4 from Stroud.

4.      **General Waiver and Release by Stroud.**  In exchange for and upon timely receipt of the payment set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Stroud fully and completely waives, releases, and forever discharges SIES, and each of its predecessors; successors; all former, current, and future related companies, divisions, subsidiaries, affiliates, and parents; and collectively, its respective former, current, and future directors, officers, members, employees, agents, and representatives (collectively, the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Stroud may have against any or all of the Released Parties arising out of her employment with SIES, the termination of her employment with SIES, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise.  Stroud fully and completely waives, releases, and forever discharges the Released Parties from all other claims including, but not limited to, all claims that the Released Parties:

a.      failed to provide Stroud with any minimum wage or overtime compensation, retaliated against her, or in any other way violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*, or any applicable state law;

b.      violated public policy, common law, or statutory law (including, but not limited to, claims for breach of contract; unjust enrichment; unpaid wages; intentional or tortious interference with contract or business relations; fraud; misrepresentation; conversion; promissory estoppel; detrimental reliance;

2

wrongful termination; retaliatory discharge; assault; battery; personal injury; defamation; libel; slander; negligence; negligent hiring, retention, or supervision; invasion of privacy; conspiracy; intentional or negligent infliction of emotional distress and/or mental anguish; or loss of consortium);

c.   violated SIES's personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between the Parties;

d.   failed to provide Stroud with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by SIES, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Stroud for the purpose of preventing her from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*; or

e.   retaliated against or discriminated against Stroud on the basis of age, race, color, national origin, ancestry, sex (including sexual harassment), religion, disability, handicap, sexual orientation, marital status, parental status, source of income, or any other basis in violation of any applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d); and the Sarbanes-Oxley Act of 2002.

5.   **Release of Unknown Claims.**   For the purpose of implementing a full and complete release, Stroud expressly acknowledges that the release she gives in this Agreement is intended to include in its effect, without limitation, claims that she did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims.

6.   **Release by SIES.** Upon dismissal of the Lawsuit with prejudice, SIES fully, finally and forever, releases, acquits and discharges Stroud of and from any and all claims, suits, debts, obligations, and liabilities of any kind or nature, whatsoever, known or unknown, express or implied, at law or in equity, and all from the beginning of time to the date of this Agreement.

3

7. **Rights And Claims Excluded From Waiver And Release.** This Agreement does not waive any rights that cannot be waived by law. Stroud is waiving, however, any right to recover money in connection with any agency charge or investigation pertaining to her employment period(s) with SIES. Stroud is also waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal government agency pertaining to her employment period with SIES.

8. **Employment Relationship between the Parties.** Stroud agrees to relinquish any and all rights to employment with the Released Parties and to never knowingly seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with the Released Parties. Stroud agrees that the Released Parties shall have no obligation to engage her services in any capacity (*e.g.*, employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work on a contract basis legitimately and lawfully may be denied solely based on Stroud's breach of this provision of the Agreement. Stroud further agrees that, because of circumstances unique to her, she is not qualified for employment or work on any basis with the Released Parties now or in the future. Stroud agrees that if, at any time, she works for any of the Released Parties without first obtaining a written waiver of this provision by an executive officer of SIES, she will immediately resign employment with such Released Party when asked to do so by SIES. Stroud agrees never to sue or file a charge against any of the Released Parties for refusal to rehire and/or employ her and agrees to pay the associated attorneys' fees and costs incurred by any such Released Party that is required to defend a claim or charge based on its refusal to rehire Stroud.

9. **Consideration of Agreement.** The Parties represent and warrant that they have been encouraged to seek advice from anyone of their choosing, including their attorneys, accountant, or tax advisor prior to signing this Agreement; that this Agreement represents written notice that they do so; that they have been given the opportunity and sufficient time to seek such advice; that they have obtained advice from their counsel about the terms of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; and that they are voluntarily entering into this Agreement. Stroud understands that she may take up to twenty-one (21) days to consider whether or not she desires to enter into this Agreement. Stroud further represents and warrants that she was not coerced, threatened, or otherwise forced to sign this Agreement, and that her signature appearing hereinafter is genuine.

10. **Additional Agreements by Stroud.** Stroud also acknowledges and agrees that:

    a.    Upon receipt of the settlement payments, Stroud has now been properly paid by SIES for all hours worked, including all hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any wage claim), in compliance with state and federal law;

    b.    Stroud is waiving her right to participate in any class or collective action against SIES;

11. **Knowing and Voluntary Waiver.** The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the dispute, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its

meaning.  When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

12.     **Non-disparagement.**  Stroud agrees that she will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on SIES or any of the Released Parties, except as required by court order or otherwise by law.

13.     **Neutral Reference.**  SIES agrees to provide any inquiring current or future prospective employer of Stroud only with information regarding: (a) Stroud's dates of employment; (b) the last position held by Stroud; and (c) Stroud's final rate of pay.  SIES informed certain SIES managers and executives of the Lawsuit.  To ensure that Stroud is protected from retaliation for having enforced her federally protected rights, SIES shall instruct these managers and executives, that other than if and as legally required or necessitated for genuine and legitimate business reasons, they are prohibited from disclosing the subject of the Lawsuit and/or the disposition of the Lawsuit.

14.     **Miscellaneous.**

    a.     **Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

    b.     **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver or release listed in Section 4 and/or 5 above is deemed illegal, invalid, or unenforceable, in whole or in part, the Agreement shall be null and void.

    c.     **Entire Agreement.**  Except as provided herein, this Agreement constitutes the entire agreement of the Parties concerning the subjects addressed in this Agreement.  This Agreement may not be changed or altered, except in writing, signed by all Parties.

    d.     **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

    e.     **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

f.   **Facsimile/Email Signatures.**   Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

g.   **Corporate Signatories.**  Each person executing this Agreement, including execution on behalf of SIES, warrants and represents that such person has the authority to do so.

**<u>REMAINDER OF PAGE INTENTIONALLY LEFT BLANK</u>**

**RACHEL STROUD**

_____

Date: _____

**SELF INVESTMENT ENRICHMENT SERVICES, INC.**

By: _Adria Wiggins_

Title: _Chief Executive Officer_

Date: _4.16.2021_

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RACHEL STROUD, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-00659-SCJ |
| SELF INVESTMENT ENRICHMENT SERVICES, INC., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Upon application of the Parties and the Court's review of the Parties' Settlement Agreement, the Court concludes that the terms of the Parties' Settlement Agreement are reasonable and satisfactory. Therefore, the Court hereby Orders that the Parties' Settlement Agreement, attached as Exhibit A to the Joint Motion, is approved.

The Court further Orders that if neither party seeks additional relief from this Court within thirty (30) days following entry of this ORDER then all claims brought or that could have been brought in the case shall be automatically dismissed with prejudice.

**IT IS SO ORDERED.**

7

This the _____ day of _____, 2021.


_____
Honorable Steve C. Jones
United States District Judge
Northern District of Georgia